UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

---

DAVID D. TURNER, ET AL.                                            PLAINTIFFS

    VERSUS                                            Nº 2:06-CV-098-SAA

NORTH PANOLA SCHOOL DISTRICT AND
JOHN DOES ONE THROUGH TEN                                          DEFENDANTS

---

**ORDER DENYING DEFENDANT'S MOTION {Nº 32} FOR A NEW TRIAL**

---

The defendant, North Panola School District ("North Panola") asks this court for a new trial under FED. R. CIV. P. 59(b). In its motion {Nº32}, North Panola asserts two reasons, either one of which requires a new trial: (1) the court applied the incorrect standard of negligence (under the Mississippi Tort Claims Act), and (2) the decision of the court was against the overwhelming weight of the evidence. For the foregoing reasons, the motion {Nº32} is **DENIED.**

**I. Standard of Review**

In this circuit, a new trial should be granted when "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Laxton v. Gap, Inc.*, 333 F.3d 572, 586 (5th Cir. 2003). In considering whether to grant a new trial, "the district court weighs all of the evidence, and it need not view it in the light most favorable to the nonmoving party." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 6113 (5th Cir. 1985). A new trial is an appropriate remedy "if the evidence is against the ***great***, and not merely the greater weight of the

1

evidence," *Shows v. Jamison*, 671 F.2d 927, 930 (5th Cir. 1982) (emphasis added).

## II. Discussion

### A. *Whether "Ordinary Care" or the Heightened Standard of Care Applied*

North Panola asserts that the court should have applied the heightened standard of care where liability attaches only if the school official "acts in bad faith or with malicious purpose or in a manner to exhibiting a wanton or willful disregard of human rights or safety." MISS. CODE ANN. § 11-46-9(1)(x) (2007). Instead, the court applied a standard of ordinary care, where liability only attaches if the school officials acts *without* ordinary care. MISS. CODE ANN. § 11-46-9(1)(b). The court, once again, disagrees.

In holding that the general, negligence standard applied, the court reasoned through applicable Mississippi case law as applied to the court's factual findings in this case. The trial evidence demonstrated, as outlined in the court's prior memorandum opinion, that the school bus driver acted *offensively*, and not responsively to deleterious action perpetuated either by David or by Quanellia Turner.

North Panola also contends that it is illogical to believe that the Mississippi legislature sought to exclude bus drivers from the heightened standard. To the contrary, there are a number of logical, possible reasons for the Mississippi legislature's decision not to include bus drivers in the enumerated covered personnel. The protected officials (teacher, assistant teachers, principals, and assistant principals), for example, have all undergone years of education and training for their positions and obtained state-issued certification to practice their profession. A bus

2

driver, on the other hand, requires no such lengthy preparation to perform her job. The court acknowledges that a bus driver is responsible for the students in his or her charge. But, the decision whether to protect them, and their school districts, under MISS. CODE ANN. § 11-46-9(1)(x) rested with the Mississippi legislature. As a deliberative body, presumed to enact law reasonably, the Mississippi legislature, should it have chosen to do so, could have included bus drivers with a few keystrokes. It did not. And, this court will not question that decision.

### B. Whether the Judgment was Against the Great Weight of the Evidence

North Panola argues that the court's factual findings were against the great weight of the evidence. This court sees no manifest errors in its factual findings.

The court pauses to consider North Panola's argument concerning the court's award of damages. It contends that there was "no evidence of any medical bills, of any emotional distress, other than that testified to by the parties. There was no objective evidence of any damages suffered by the [p]laintiffs" (Nº33, at p. 5). The decision to credit the testimony in this case is within the fact-finder's [for these issues, the court's] province. The court credited the testimony of David and Quanellia Turner and their parents as they related the children's experiences and resulting emotional distress. Although there were no medical bills introduced, due more likely to limited financial means than to an absence of parental care, the court's findings as to the children's despondence and withdrawal (David) and suicidal ideation (Quanellia) in response to the humiliation heaped upon them by school officials and fellow students provided ample evidence for this court, as fact finder, to conclude

3

that those experiences warranted the award of damages. That award does not shock the judicial conscience. *See, e.g., Dunn v. HOVIC*, 1 F.3d 1362, 1367 (3d Cir. 1993); *Tingley Sys. v. Norse Sys.*, 49 F.3d 93, 96 (2d Cir. 1995).

### III. Conclusion

For the foregoing reasons, the motion [Nº32] for a new trial is **DENIED**.

**SO ORDERED**, this the 2d day of October, 2007.

    */S/ S. Allan Alexander*
    UNITED STATES MAGISTRATE JUDGE